UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAF STRUDLEY, et al.,<br><br>    Plaintiffs,<br><br> v.<br><br>SANTA CRUZ COUNTY BANK, et al.,<br><br>    Defendants. | Case No. 5:15-cv-05106-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 18 |

Defendant Santa Cruz County Bank ("the Bank") moves to strike Plaintiffs' complaint for lack of subject-matter jurisdiction. The Bank's motion will be granted.

**I. BACKGROUND**

In a separate criminal action, Defendants John Geringer, Christopher Luck, and Keith Rode pleaded guilty to federal criminal charges arising from a securities fraud scheme. Plaintiffs now bring claims against those three Defendants as well as the Bank, alleging causes of action for conspiracy to commit fraud, breach of fiduciary duty, aiding and abetting fraud, aiding and abetting breach of fiduciary duty, and negligent misrepresentation. Compl., Dkt. No. 1. In their amended complaint, Plaintiffs added causes of action under federal securities laws. First. Am. Compl. ("FAC"), Dkt. No. 16.

1    The Bank now moves to strike under Fed. R. Civ. P. 12(f) for lack of subject-matter

2    jurisdiction. Def.'s Mot. to Strike ("Mot."), Dkt. No. 18.

## II. LEGAL STANDARD

Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike will generally not be granted unless it is clear the matter to be stricken could not have any possible bearing on the subject matter of the litigation. See RDF Media Ltd. v. Fox Broad. Co., 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005). When the court considers a motion to strike, it "must view the pleading in a light most favorable to the pleading party." In re 2TheMart.com, Inc. Sec. Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). A motion to strike should be denied if there is any doubt whether the allegations in the pleadings might be relevant in the action. Id.

## III. DISCUSSION

The Bank argues that this case must be dismissed because Plaintiffs' initial complaint did not establish a basis for federal subject-matter jurisdiction. Mot. 7–11.

"Subject matter jurisdiction must exist as of the time the action is commenced." Morongo Band of Mission Indians v. California State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988) (citing Mollan v. Torrance, 22 U.S. 536, 538 (1824)). "If jurisdiction is lacking at the outset, the district court has 'no power to do anything with the case except dismiss.' " Id. (quoting 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3844, at 332 (1986)). Subsequent amendments to the complaint generally cannot cure the initial complaint's lack of subject-matter jurisdiction. Id. at 1381.

Here, Plaintiffs' initial complaint asserted five state-law causes of action. Dkt. No. 1. It did not assert any causes of action arising under federal law, nor did it claim diversity of citizenship of the parties. As such, the initial complaint did not establish a basis for subject-matter jurisdiction. See Peralta v. Hispanic Bus., Inc., 419 F.3d 1064, 1068 (9th Cir. 2005) ("In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."). The Bank

Case No.: 5:15-cv-05106-EJD
ORDER GRANTING DEFENDANTS' MOTION TO STRIKE

2

1  moved to dismiss the initial complaint on that basis. Dkt. No. 10. Rather than oppose the motion,

2  Plaintiffs filed an amended complaint under Rule 15(a)(1)(B) that added federal securities fraud

3  claims under Section 10(b) of the Securities Exchange Act of 1934 and the accompanying SEC

4  Rule 10b-5. FAC.

However, this amendment failed to cure the jurisdictional defect. See Morongo, 858 F.2d at 1380 ("Subject matter jurisdiction must exist as of the time the action is commenced.") (emphasis added); see also Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 831 (1989) (noting that a plaintiff may not "amend a complaint so as to produce jurisdiction where none actually existed before"). The Ninth Circuit recently addressed a similar scenario in Northstar Fin. Advisors Inc. v. Schwab Invs, 779 F.3d 1036 (9th Cir. 2015). In that case, the plaintiff filed a class action complaint on behalf of investors in a mutual fund. Id. at 1043. The plaintiff brought the action in its own name, but because it owned no shares of the fund and did not obtain an assignment of claims from investors, it lacked standing when it filed the initial complaint. Id. The district court dismissed the complaint for lack of subject-matter jurisdiction, but it invited the plaintiff to amend its complaint. Id. The plaintiff subsequently obtained an assignment of claims and filed an amended complaint. Id. The case was then reassigned. The new district judge construed the earlier order as granting leave to amend under Rule 15(d) "instead of an amended complaint pursuant to Rule 15(a)." Northstar Fin. Advisors, Inc. v. Schwab Invs., 781 F. Supp. 2d 926, 932–33 (N.D. Cal. 2011). On that basis, the court declined to dismiss the complaint for lack of standing, finding that courts may allow a supplemental pleading filed under Rule 15(d) to correct a jurisdictional defect. Id. at 933. The Ninth Circuit affirmed on the basis that "the rule as stated in Morongo"—that subject-matter jurisdiction must exist when the action is commenced— "does not extend to supplemental pleadings filed pursuant to Fed. R. Civ. P. 15(d)." Northstar, 779 F.3d at 1046.

This case is distinct from the scenario in Northstar. Here, Plaintiffs filed their amended complaint as a matter of course under Rule 15(a)(1)(B)—not under Rule 15(d), as was the case in Northstar. Rule 15(d) states that courts "may permit supplementation even though the original

Case No.: 5:15-cv-05106-EJD
ORDER GRANTING DEFENDANTS' MOTION TO STRIKE
3

pleading is defective in stating a claim or defense." No similar grant of authority appears in Rule 15(a). The Court interprets Rule 15(a), in light of Morongo, to mean that supplemental pleadings under Rule 15(a)(1)(B) cannot create subject-matter jurisdiction when it was missing in the initial complaint. The Ninth Circuit held in Northstar that the Morongo rule "is more nuanced than the inflexibility suggested by its language," but it limited its expansion of Morongo to supplemental pleadings under Rule 15(d). Northstar, 779 F.3d at 1046. As such, the Court finds that Morongo controls, and Plaintiffs' complaint must be dismissed without prejudice.

Plaintiffs argue that their federal causes of action were "implied" in the initial complaint, and that their "technical amendment to the Original Complaint merely formalized the well-pled allegations of the Original Complaint regarding Santa Cruz County Bank's misrepresentations, untrue statements, and omissions of material facts, as well as the Bank's use of manipulative and deceptive devices and contrivances." Pls.' Opp'n to Def.'s Mot. to Strike ("Opp'n") 10, Dkt. No. 25. This argument is unpersuasive. Plaintiffs' federal securities claims are distinct and independent from the state-law claims alleged in the original complaint, even if the underlying facts are the same. See Box Tree South, Ltd. v. Bitterman, 873 F. Supp. 833, 837 (S.D.N.Y. 1995) (holding that the well-pleaded complaint rule prevents "a court from inferring from a state law complaint a basis for federal jurisdiction even though the facts pleaded are sufficient to sustain a federal claim that was not pleaded").

Plaintiffs also argue that a Rule 12(f) motion is not the proper vehicle to challenge subject-matter jurisdiction. Opp'n 3–5. But "in a significant number of cases, federal courts have permitted a defending party to raise a lack of subject tmatter jurisdiction on a Rule 12(c) motion for judgment on the pleadings or on a Rule 12(f) motion to strike." 5B C. Wright & A. Miller, Federal Practice and Procedure § 1350, at 114–15 (3d ed. 2004) (emphasis added); see also Norman v. Levy, 756 F. Supp. 1060, 1062 (N.D. Ill. 1990) (holding that a Rule 12(f) motion to strike for lack of subject-matter jurisdiction is the "functional equivalent" of a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction); U.S. v. Portrait of Wally, A Painting By Egon Schiele, No. 99 Civ. 9940(MBM), 2002 WL 553532, at *4 n.3 (S.D.N.Y. Apr. 12, 2002)

Case No.: 5:15-cv-05106-EJD
ORDER GRANTING DEFENDANTS' MOTION TO STRIKE

4

("the standard is the same under Rule 12(f) and 12(b)(6), and courts have used both to reach the same result").

### IV. CONCLUSION

Defendant Santa Cruz County Bank's motion to strike (Dkt. No. 18) is GRANTED. Plaintiffs' First Amended Complaint (Dkt. No. 16) is dismissed without leave to amend and without prejudice. The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: September 29, 2017

EDWARD J. DAVILA
United States District Judge